UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RICHARD SYKES,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., PIONEER TITLE OF ADA COUNTY, AMERICAN BROKERS CONDUIT, FEDERAL NATIONAL MORTGAGE ASSOCATION, AMERICAN HOME MORTGAGE SERVICING, INC., NORTHWEST TRUSTEE SERVICES, INC., KEMAL BUSULADZIC,<br><br>　　　　　　Defendants. | Case No. 1:11-cv-377-BLW<br><br>**MEMORANDUM DECISION AND ORDER ON MOTIONS TO DISMISS (Dkt. Nos. 6, 22, 32)** |

　　　　Currently pending before the Court are three motions to dismiss filed under Fed.

R. Civ. P. 12(b)(6) for failure to state a claim for relief.  Having reviewed the parties'

briefing and the written record, the Court finds that oral argument will not aid in the

decisional process and issues the following Memorandum Decision and Order granting

**MEMORANDUM DECISION AND ORDER - 1**

the motions to dismiss.

## INTRODUCTION

This action is a foreclosure challenge similar, if not identical,[1] to many others filed in this Court and around the county in the last few years.  The gravamen of these complaints generally is that mortgage lenders, loan servicers and/or trustees have unlawfully foreclosed upon the plaintiffs' residential mortgages due to the securitization of the loans.  In most cases, the plaintiffs do not dispute their default, and also attempt to negotiate a loan modification and their inability to do so also forms a basis for the action.

In this particular case, both of these general complaints are alleged.  By way of background, Plaintiff purchased land in 1996, and built a home which was completed in 2003.  In 2006, he refinanced the home with American Brokers Conduit.  Plaintiff executed a promissory note ("the Note"), which was secured by a deed of trust (the "Deed of Trust").  The Note is not in the record.  The Deed of Trust lists American Brokers Conduit as the Lender, Pioneer Title as the Trustee, and MERS as "a separate corporation that is acting solely as nominee for Lender and Lender's successors and assigns" and the "beneficiary under this Security Instrument."  (*Verified Complaint for Declaratory and Injunctive Relief, and Damages* ("Complt."), Dkt. 1-3, Attachment A-1 ("Deed of Trust").

After refinancing, Plaintiff listed the house for sale but was unable to sell it.  He

---

[1]The complaint in this action contains many identical allegations and claims as several complaints that have been filed in this court over the last year or so.  *See e.g., Burton et al. v. Countrywide Bank NA, et al.*, Case No. 10-CV-298-EJL-LMB.

**MEMORANDUM DECISION AND ORDER - 2**

then fell into financial hardship after becoming temporarily disabled from an accident.  In September 2010, he missed a mortgage payment.

After missing his first payment, the loan servicer, Defendant AHMSI "threatened to foreclose."  Plaintiff contacted AHMSI and was "offered modification through the HAMP[2], and/or other programs if HAMP would not work." (Cmplt. ¶ 13).  Plaintiff alleges that he was informed at that time that he would not qualify for a loan modification unless he missed three mortgage payments.

Plaintiff alleges that he was unable to make his mortgage payment for several more months, and then contacted AHMSI about negotiating a rate adjustment.  He alleges he was informed then that he could not qualify for a rate adjustment because of the impact his missed payments had on his credit score. (Cmplt., ¶ 3.16).

Plaintiff then received "the HAMP packet" which he prepared and submitted in early February 2011. (Cmplt., ¶ 3.17.)  On February 23, 2011, MERS executed an Assignment of Deed of Trust granting all beneficial interest in the Deed of Trust to AHMSI, "together with the note or notes therein described or referred to, the money due and to become due theron, with interest, and all right acrred or to accrue under said Deed

---

[2]HAMP is the federal government's Home Affordable Modification Program administered by the U.S. Treasury Deparement.  "The program requires that all mortgage loans owned or guaranteed by Fannie Mae or the Federal Home Loan Mortgage Corporation [Freddie Mac]. . . . that meet certain requirements be evaluated by the loan services for loan modifications." *In re Cruz*, 446 B.R. 1, 3 (Bankr. D. Mass. 2011).  Some loan servicers not owned by Fannie Mae or Freddie Mac also entered into Servicer Participation Agreements with Fannie Mae, as agent for the Treasury Department, by which they agreed to review and modify the loans on similar terms.  *Id.*

**MEMORANDUM DECISION AND ORDER - 3**

of Trust."   On March 1, 2011, AHMSI executed an Appointment of Successor Trustee appointing NWTS as the Trustee succeeding Pioneer Title.  (Cmplt., Attch. A-2, Dkt. 1-3, p. 48).   On March 7, 2011, NWTS executed a Notice of Default indicating AHMSI's intent to sell the property to satisfy the obligation.  (Cmpt., Attch. A-2, Dkt. 1-3, p. 49). The three documents were recorded together on March 9, 2011, in Idaho City, Boise County, Idaho. (Cmplt., Attch. A-2, Dkt. 1-3, p. 47 - 49).

Plaintiff alleges that in March, he received the Notice of Default and Notice of Trustee's Sale, dated March 22, 2011, indicating the sale would take place July 21, 2011. (Cmplt., ¶ 3.19; Attch. A-1, Dkt. 1-3, pp. 39-45.)  In April, he inquired about his HAMP application, and claims that he was told that "the correct documents were never received," despite that he had sent them.  (*Id.*, ¶ 3.20.)  He submitted the HAMP appilcation again on April 16, 2011. (*Id.*, ¶ 3.21.)  He also submitted written requests to "the original lender, title company, trustee, and all the new alleged holders of Plaintiff's note and deed (all the defendants herein)," to view the original documents. (*Id.*, ¶ 3.23.)

Plaintiff alleges that the Defendants refused to provide access to the original documents, or to acknowledge "the qualified written requests (QWR)." (*Id.*, ¶ 3.24.) Plaintiff alleges that he then sent several requests to AHMSI and the other defendants for "verification of their interest and/or standing to be the servicer of Plaintiff's Note and Deed of Trust." (*Id.*, ¶ 3.26.)  AHMSI refused to answer "all pertinent questions about insterest and standing."(*Id.*, ¶ 3.27.)

Plaintiff was informed on May 5, 2011, that he did not qualify for the HAMP

**MEMORANDUM DECISION AND ORDER - 4**

program, or any other loan modification programs. (*Id.*, ¶3.28.)  He asked for an

explanation of what criteria he did not meet for these programs, to which AHMSI replied

on June 17, 2011.  (*Id.*, ¶3.29.)  Plaintiff requested an Alternative HAMP, and

resubmitted a hardship letter and financial analysis, and asked that the trustee sale be

postponed. (*Id.*, ¶3.29; Attach. B-1, B-2.)

On July 8, 20122, AHMSI sent Plaintiff another HAMP application, indicating

Plaintiff has until August 7, 2011 to respond.  (*Id.*, ¶3.30.)  Plaintiff re-submitted all of the

requested documents before July 19, 2011.  (*Id.*, ¶3.30; Attach. C-1. )

AHMSI continued to pursue the auction, however, on July 21, 2011. (*Id.*, ¶ 3.32.)

Plaintiff alleges that he continued to research the history of his Note and Deed of

Trust and learned that the Note had been sold and securitized, and therefore removed

from the state of Idaho, and that none of the Defendants possessed the actual "wet ink"

Note or Deed of Trust. (*Id.*, ¶3.37.)  He also alleges that he was never informed that the

Note had been sold or transferred to any defendant in any manner. (*Id.*, ¶3.34.)

Based on these factual allegations, Plaintiff brings this action against Mortgage

Electronic Registration Systems, Inc. (MERS), Pioneer Title of Ada County, American

Brokers Conduit, Federal National Mortgage Association ("Fannie Mae"), American

Home Mortgage Servicing, Inc. (AHMS) and Northwest Trustee Services, Inc. (NWTS)

alleging ten (10) different causes of action.

MERS and AHMSI removed this action from state court on August 15, 2011. (Dkt.

1).  Defendants Fannie Mae, AHMSI and MERS filed answers to the Complaint.  (*See*

**MEMORANDUM DECISION AND ORDER - 5**

Dkts. 17 &31).  Defendant American Brokers Conduit has neither been served nor

appeared. Defendants Pioneer Title of Ada County, the original trustee, and NWTS, the

successor trustee (together "trustee defendants") moved to dismiss the complaint as

against them for failure to state a claim for relief. Fed. R. Civ. P. 12(b)(6).  (Dkts. 6, 22 &

32).[3]

## STANDARD OF REVIEW FOR MOTION TO DISMISS

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a party's claim for relief.

When considering such a motion, the Court's inquiry is whether the allegations in a

pleading are sufficient under applicable pleading standards.  Rule 8(a) of the Federal

Rules of Civil Procedure sets forth the minimum pleading requirement, which is that the

plaintiff provide only a "short and plain statement of the claim showing that the pleader is

entitled to relief," and "giv[ing] the defendant fair notice of what the . . . claim is and the

grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127

S.Ct. 1955 (2007).

When reviewing a motion to dismiss, a district court must accept as true all

---

[3] The individual served with the summons as the Fannie Mae agent, Kemal
Busuladzic, also filed a motion to dismiss for failure to state a claim for relief against
him. (Dkt. 33).  Busaladzic is not a named defendant in this lawsuit, and there are no
allegations plead against him in the complaint.  This Court does not believe he is or was
ever intended to be a party to this complaint. Plaintiff argues otherwise in his
Consolidated Reply to Pioneer Title Company and Kemal Busuladzic's Response to
Plaintiff's Reply re: Motion to Dismiss, Dkt. 47, p. 5.  The Complaint clearly fails to state
a claim upon which relief could be granted against this individual, and his motion to
dismiss will be granted without further discussion.

**MEMORANDUM DECISION AND ORDER - 6**

non-conclusory, factual (not legal) allegations made in the complaint. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009); *Erickson v. Pardus*, 551 U.S. 89 (2007). Based upon these allegations, the court examining a complaint for sufficiency of information must draw all reasonable inferences in favor of the plaintiff. *See Mohamed v. Jeppesen Dataplan, Inc.*, 579 F.3d 943, 949 (9th Cir. 2009). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949.

After any conclusory statements have been removed, the court must then analyze the remaining factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Delta Mech., Inc*, 345 Fed. Appx. at 234. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 129 S. Ct. at 1949 (*citing Twombly*, 550 U.S. at 555). In addition, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. In sum, a party must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *Iqbal*, 129 S. Ct. at 1949.

In discussing this standard, a recent Tenth Circuit Court of Appeals opinion stated that "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason

**MEMORANDUM DECISION AND ORDER - 7**

to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).   In this way, while "[s]pecific facts are not necessary," a plaintiff must allege enough facts to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam* ) (internal citation omitted).

Generally, with respect to Rule 12(b)(6) motions, the Court may not consider any evidence contained outside the pleadings without converting the motion to one for summary judgment under Fed. R. Civ. P. 56, and allowing the non-moving party an opportunity to respond. *See* Fed. R. Civ. P. 12(b); *United States v. Ritchie*, 342 F.3d 903, 907-908 (9th Cir. 2003).  "A court may, however, consider certain materials– documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice– without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908 (citing *Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002); *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994); 2 James Wm. Moore et al., Moore's Federal Practice § 12.34[2] (3d ed.1999)); *Mullis v. United States Bank*, 828 F.2d 1385, 1388 (9th Cir. 1987)).

The Court may take judicial notice "of the records of state agencies and other undisputed matters of public record" without transforming the motions to dismiss into motions for summary judgment.  *Disabled Rights Action Comm. v. Las Vegas Events, Inc.,* 375 F.3d 861, 866 (9th Cir. 2004)**.**

## DISCUSSION

A.      **Breach of Fiduciary Duty Claims**

Plaintiffs' First and Second causes of action allege claims for breach of fiduciary duty against all defendants. "In order to establish a claim for breach of fiduciary duty, a plaintiff must establish that defendants owed plaintiff a fiduciary duty and that the fiduciary duty was breached." *Bushi v. Sage Health Care, PLLC*, 203 P.3d 694, 699 (2009) (citation and marks omitted); *see also Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 880–881 (9th Cir. 2007) (applying Nevada law).

The trustee defendants move to dismiss Plaintiff's claims for breach of fiduciary duty on the basis that no fiduciary relationship exists between Plaintiff and either moving Defendant. The Court agrees.

Fiduciary relationships are rarely recognized in Idaho. *Davis v. Keybank Nat'l Assoc.*, 2005 WL 2847239, *2 (D. Idaho October 26, 2005).  "The facts and circumstances must indicate that the one reposing the trust has foundation for his belief that the one giving advice or presenting arguments is acting not in his own behalf, but in the interests of the other party." *Id.* (Citing *Idaho First National Bank v. Bliss Valley Foods, Inc.*, 824 P.2d 841, 853 (1991) (quotation omitted)).[4]

---

[4]In *Davis*, this Court allowed a breach of fiduciary claim against the trustee to a deed of trust to survive a motion to dismiss.  However, the motion to dismiss in *Davis* was decided before the United States Supreme Court decisions *Iqbal* (2007) and *Twombly* (2009).  In *Davis*, this Court expressed skepticism that the Plaintiff could present a factual record that would actually support a fiduciary duty under Idaho law, but allowed the claim to proceed based on the "threadbare recital of the elements" of a fiduciary duty claim, which is contrary to the heightened pleading standards set forth under *Iqbal* and *Twombly*.  *See Davis*, 2005 WL 2847239, *2 (Noting that the "limited case law suggests

**MEMORANDUM DECISION AND ORDER - 9**

Under Idaho law, the duties of a trustee on a deed of trust have only been recognized as those specified under either in the Idaho Trust Deeds Act or in the deed of trust document itself.  *See Davis v. Keybank Nat'l Assoc.*, 2005 WL 2847239, **2 -3 & n. 5 (D. Idaho October 26, 2005) (Construing deed of trust trustee's duty under the Deeds Trust Act, and noting that Idaho courts had not determined duty to be fiduciary in nature.); *Diamond v. Sandpoint Title Ins., Inc.*, 968 P.2d 240, 246 (Idaho 1998) (Noting that the Idaho courts have not recognized that the duties of a trustee under a deed of trust are fiduciary in nature.)

Other jurisdictions that have specifically addressed the issue expressly limit the duties to those defined in the applicable statute or deed of trust language.  *See e.g.*, *Gaitan v. Mrtg. Electronic Reg. Sys.*, 2009 WL 3244729, at *12 (C.D. Cal. Oct. 5, 2009) (Finding that "[a] foreclosure trustee has no fiduciary duty to the borrower, since "a trustee in a non-judicial foreclosure is 'not a true trustee with fiduciary duties, but rather a common agent for the trustor and beneficiary.'")(Internal citations omitted.) Plaintiff provides no authority to the contrary.

In his first cause of action, Plaintiff alleges that the defendants "solicited and intentionally induced the trust, confidence and reliance of the Plaintiff," "had superior

---

that the circumstance in which a trustee would owe a fiduciary duty to a grantor is rare.") Moreover, the defendants in *Davis* were attorneys, and an attorney/non-client relationship had been recognized to be fiduciary under certain circumstances, unlike the trustor/trustee relationship present in this case.  This court's finding in *Davis*, therefore, does not impact its review of Plaintiff's fiduciary duty claim.

**MEMORANDUM DECISION AND ORDER - 10**

knowledge regarding the consequences of the failure to procure the original loan, as well as the loan modification and delay of the sale," and occupied a position of trust, confidence and reliance as Plaintiff's mortgage holder which created fiduciary or quasi-fiduciary duties.  (Cmplt., ¶ 4.3.)  Plaintiff alleges that Defendants breached this fiduciary duty by "constructively refusing to cooperate with Plaintiff's efforts at a resolution to this matter and acted in willful bad faith during Plaintiff's attempts to resolve this matter in violation of federal and state statutes.  (*Id.*, ¶ 44.)

In Plaintiff's second cause of action, he adds that the Defendants had a fiduciary duty to ensure that the Note does not get "split" from the Deed of Trust and pooled and securitized outside the State of Idaho, and breached their fiduciary duty by "continuing the sale when Plaintiff was still in the modification process," and failing to provide meaningful contact information regarding who actually had the promissory note and deed of trust to prevent the trustee's sale.  *Id.*, ¶¶ 5.1 - 5.3.

Plaintiff's fiduciary duty theories are not recognized under Idaho law.  There is no duty under the Idaho Trust Deeds Act or the Deed of Trust for the trustee to stop a foreclosure upon request of a borrower who is attempting to obtain a loan modification, or to ensure that a note is not "split" from the deed of trust.[5]

Moreover, as to both Pioneer and NWTS, this Court finds that Plaintiff has failed

---

[5] Any duty to preserve the validity of a right to payment, or a right to foreclose – the rights preserved by the legal instruments Plaintiff now claims are void – would run if at all to the beneficiary of these instruments.

**MEMORANDUM DECISION AND ORDER - 11**

to plead facts supporting such a rare circumstance that a trustee under a deed of trust –

current or successor– would owe a fiduciary duty to the grantor.  Plaintiff fails to allege

any facts supporting a foundation to believe that Pioneer or NWTS was acting in his

interest, and not on its own behalf or that of the beneficiary to the Deed of Trust, in any

action it took as the trustee.  As such, Plaintiff fails to allege facts supporting the

existence of a fiduciary duty and Defendants' motions to dismiss these claims shall be

granted.

**B.      Truth In Lending Act Claim**

Plaintiff's third cause of action alleges violations of the Truth In Lending Act

(TILA), which requires a "creditor" to make certain disclosures to a borrower in a

consumer credit transaction where the lender received a security interst in the borrower's

residence.  *See* 15 U.S.C. § 1631-1635.

Plaintiff's TILA claims fail to state a claim against the trustee defendants for

several reasons.  First, Plaintiff's allegations are generally insufficient to support a

violation of TILA.  *See Marks v. Chicoine*, 2007 WL 160992, at *7 (N.D. Cal. Jan. 18,

2007) (dismissing TILA claims for failure to allege how defendants violated the statute);

*Tasaranta v. Homecomings Fin. LLC*, 2009 WL 3055227, at *3 (S.D. Cal. 2009) (same).

Plaintiff fails to allege how TILA was violated, and what documents or disclosures he

was not provided, and how he relied upon these alleged inadequate documents or

disclosures.

Second, Plaintiff does not allege that the trustees are "creditors," as defined by the

**MEMORANDUM DECISION AND ORDER - 12**

statute, for which the act imposes liability.  *See* 15 U.S.C. 1604(a).

Finally, to the extent Plaintiff could make a claim under TILA, it is time barred. The statute of limitations for a TILA claim is "one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e); *Shaw v. Lehman Bros. Bank, FSB,* 2009 WL 790166, at *4 (D. Idaho 2009).  The statute begins to run when the plaintiff enters into the loan agreement.  *See King v. Cal.*, 784 F.2d 910, 915 (9th Cir. 1986); *Shaw*, 2009 WL 790166, at *4.  Plaintiff obtained the loan in February of 2006.  (Cmplt., Exh. A-1, Dkt. 1-3, p. 22.)  He filed the original complaint in state court on July 20, 2011 (Dkt. 1-3), several years past the statute of limitations deadline.

Plaintiff alleges that the TILA violations "are defensive in nature" and therefore no statute of limitations applies.  He provides no authority for this allegation and the Court is aware of none.  Moreover, Plaintiff's complaint is devoid of any allegations from which the Court could glean that Plaintiff might be entitled to equitable tolling of these claims. *See Hubbard v. Fidelity Fed. Bank*, 91 F.3d 75, 79 (9th Cir.1996) (concluding that plaintiff was not entitled to tolling where "nothing prevented [her] from comparing the loan contract, [defendant's] initial disclosures, and TILA's statutory and regulatory requirements" (*citing King*, 784 F.2d at 915)).

For the foregoing reasons, Plaintiff's TILA claim fails to state a claim for relief, and Defendants' motions to dismiss shall be granted.

## C.    Idaho Trust Deeds Act

Plaintiff's fourth cause of action alleges violations of the Idaho Trust Deeds Act,

I.C. §§ 45-1501 *et seq.* arguably against MERS, NWTS and AHMSI. *(See* Cmplt., ¶¶ 7.1 - 7.4.) Plaintiff alleges that none of these defendants have the right to foreclose on the Property because "they" have not proven they have "standing" to do so.  Plaintiff does not dispute that his loan was in default.  His complaint and attachments also show that all necessary assignments, appointments and notices were duly recorded and/or served upon him as required under the Deed Trust Act in order to effect a non-judicial foreclosure.

Plaintiff's contention, however, is that MERS's assignment of the Deed of Trust to AHMSI, and AHMSI appointment of NWTS as the successor trustee, and NWTS's notices of default and trustee's sale are all invalid due to the "unlawful splitting of Plaintiff's wet ink note and deed of trust, and removal from the State of Idaho."

Plaintiff's argument is what is referred to as the "show me the Note" theory, and has been squarely rejected by the Supreme Court of Idaho as a tactic to avoid an otherwise legal *non-judicial* foreclosure in Idaho.  *Trotter v. Bank of N.Y. Mellon et al.,* __P.3d__, 2012 WL 206004 (Idaho 2012); *see also Meyer v. Bank of America, N.A.*, 2011 WL 458762, *3 (D. Idaho 2011). In *Trotter*, the Supreme Court of Idaho explained:

> While it is true that a party must have standing before it may invoke the jurisdiction of a court, the foreclosure process in the [Idaho Trust Deeds] Act is not a judicial proceeding. . . . Instead, 'the procedures to foreclose on trust deeds outside of the judicial process provide the express-lane alternative to foreclosure in the judicial system and strip borrowers of protections embedded in the judicial foreclosure.'. . . Thus, as an 'alternative' that is 'outside the judicial process,' the [Idaho Trust Deeds] Act sets forth all of the requirements to foreclose on a deed of trust.

*Id.* at *3 (citing and quoting *Fed. Home Loan Mortg. Corp. v. Appel*, 137 P.3d 429, 433

**MEMORANDUM DECISION AND ORDER - 14**

n.1 (Idaho 2006)).

Thus, to the extent Plaintiff's claims are generally premised on the argument that the Trustee must produce the original "wet-ink" Note and Deed of Trust to undertake a non-judicial foreclosure on the Property, this claim must fail.

As for MERS's assignment, the Deed of Trust clearly intends that MERS act as the agent of the Lender, or its assigns, in administering the deed of trust, that it holds "legal title," and therefore has the authority to do so. *See Cervantes v. Countrywide Home Loans*, 656 F.3d 1034, 1044 (9th Cir. 2011); *Washburn v. Bank of America, NA, et al*, Case No. 1:11-cv-193-EJL-CWD, Report and Recommendation (Dkt. 28) and Order Adopting Report and Recommendation, (Dkt.32).

Further, the allegation that MERS is not registered to do business in Idaho does not appear to state any claim for relief upon which relief may be granted for a violation of the Idaho Trust Deeds Act.

Finally, this Court agrees with the numerous decisions rendered which hold that the securitization of the loan did not extinguish the security interest in the real property. *See, e.g., West v. Bank of America*, 2011 WL 2491295 at *2 (D. Nev. June 22, 2011); *Beyer v. Bank of America*, 800 F.Supp.2d 1157, 1159 (D. Or. Aug.2, 2011); *Chavez v. California Reconveyance Co.*, 2010 WL 2545006 at *2 (D. Nev. June 18, 2010).

Accordingly, this Court finds that Plaintiff's complaint fails to state a claim for

**MEMORANDUM DECISION AND ORDER - 15**

which relief may be granted against NWTS for violation of the Idaho Trust Deeds Act. [6]

## D.     Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605 *et seq.*

Plaintiff's fifth cause of action alleges violations of RESPA against Defendants Fannie Mae, AHMSI, NWTS and MERS.  (*See* Cmplt., ¶¶ 8.1 - 8.4).  To the extent it provides a private cause of action, RESPA requires "loan servicers" to respond to borrower inquiries, including a "qualified written request."  12 U.S.C. § 2605(e).

As to NWTS, Plaintiff alleges only that its and other alleged defendants' "failures warrant injunctive relief against the foreclosure sale."  (*Id.*, ¶ 8.5.)   These are clearly insufficient to state any claim upon which relief may be granted under RESPA since it gives NWTS no notice as to what "failures" it committed that would allegedly violate RESPA.  Fed. R. Civ. P. 8.  Moreover, Plaintiff has failed to plead that NWTS is a "loan servicer" required to respond to Plaintiff's requests, assuming they constitute Qualified Written Requests under the statute.

For the foregoing reasons, Plaintiff's complaint for violations of RESPA also fails to state a claim upon which relief may be granted against NWTS.

## E.     Idaho Consumer Protection Act

Plaintiff's sixth cause of action alleges violation of the Idaho Consumer Protection Act (ICPA), I.C. § 48-601 *et seq.*, against all defendants.  It does not specify which provision of the ICPA the defendants violated but generally states that their "acts

---

[6]As noted above, this claim is not brought against Pioneer Title.

constitute unfair and deceptive practices that occur in their trade or commerce, which amounts to unlawful Usury and unjust enrichment." (Cmplt., ¶ 9.4.)

Irrespective of the insufficiency of Plaintiff's allegations in general, Plaintiff has not stated a claim upon which relief may be granted against the defendant trustees. First, to have standing under the ICPA, "the aggrieved party must have been in a contractual relationship with the party alleged to have acted unfair or deceptively." *Taylor v. McNichols*, 243 P.3d 642, 661 (Idaho 2010) (*citing Haskin v. Glass*, 640 P.2d 1186, 1189 (Idaho Ct. App. 1982)); I.C. § 48-608(1) ("Any person who purchases or leases good or services and therefy suffers. . . ."). Plaintiff has not alleged that he was in a contractual relationship with either trustee of the Deed of Trust.

Moreover, though not clear, Plaintiff's allegations for violation of the ICPA appear to relate to defendants not having the authority to foreclose on the Deed of Trust. As discussed above, Pioneer Title was not involved in the foreclosure, and as successor trustee, NWTS did have the authority to initiate and conduct the foreclosure proceedings under the terms of the Deed of Trust, and the Idaho Trust Deed Act.

For the foregoing reasons, Plaintiff's complaint fails to state a claim upon which relief may be granted against either trustee defendant.

## F.   Intentional Infliction of Emotional Distress

Plaintiff's seventh cause of action alleges intentional infliction of emotional distress against NWTS, and the other non-trustee defendants for "poor treatment of them [sic] during this difficult time." (Cmplt., ¶ 10.2.) Plaintiff alleges that "[t]his distress was

**MEMORANDUM DECISION AND ORDER - 17**

manifested by depression, sadness, frustration, and anger." (*Id.*)

"To prevail on a claim for intentional infliction of emotional distress: (1) the conduct must be intentional or reckless; (2) the conduct must be extreme and outrageous; (3) there must be a causal connection between the wrongful conduct and the emotional distress; and (4) the emotional distress must be severe." *Mortensen v. Stewart Title Guar. Co.*, 235 P.3d 387, 396 (Idaho 2010) (internal citations omitted). "To be actionable, the conduct must be so extreme as to 'arouse an average member of the community to resentment against the defendant,' and 'must be more than unreasonable, unkind, or unfair.'" *Id.* at 397 (citing 86 CJ.S. Torts § 74 (2009) (citations omitted)).

This claim fails as against NWTS for several reasons. First, Plaintiff's complaint fails to state how NWTS treated Plaintiff poorly. The Court assumes that Plaintiff's allegation refers to the failure to stop the trustee sale while Plaintiff was attempting to negotiate a loan modification. However, the Complaint contains no allegations of NWTS having been in contact with Plaintiff or undertaken any action other than the foreclosure proceedings discussed above which were authorized by the Deed of Trust and the Idaho Trust Deeds Act.

Moreover, presuming NWTS had knowledge of Plaintiff's attempts to obtain a loan modification, its continuation of the foreclosure proceeding does not amount to the type of 'outrageous' conduct necessary to state a claim for intentional infliction of emotional distress.

For all of the foregoing reasons, Plaintiff's complaint fails to state a claim upon

**MEMORANDUM DECISION AND ORDER - 18**

which relief may be granted against NWTS for intentional infliction of emotional distress.

## G.    Negligent Infliction of Emotional Distress

Plaintiff's eighth cause of action is for negligent infliction of emotional distress alleged as an alternative to Plaintiff's claim for intentional infliction of emotional distress discussed immediately above.

To state a claim for negligent infliction of emotional distress, Plaintiffs must allege facts supporting "(1) a duty recognized by law requiring the defendant to conform to a certain standard of conduct; (2) a breach of that duty; (3) a causal connection between the conduct and the plaintiff's injury; and (4) actual loss or damage." *Johnson v. McPhee*, 210 P.3d 563 (Idaho Ct. App. 2009) (citing *Brooks v. Logan*, 903 P.2d 73, 78 (Idaho 1995); *Black Canyon Racquetball Club, Inc. v. Idaho First Nat'l Bank*, 804 P.2d 900, 904-05 (Idaho 1991); *Nation v. State Dept. of Correction*, 158 P.3d 953, 965 (Idaho 2007)). Plaintiffs must also allege "some physical manifestation of the [their] emotional injury." *Id.* (citations omitted).

NWTS moves to dismiss this claim on the basis that Plaintiff cannot satisfy any of the elements for negligent infliction of emotional distress. First, NWTS reiterates that there is no dispute that the loan was in default, and NWTS had no duty to postpone the foreclosure sale. The Court agrees.

To the extent that Plaintiff's claim is based on some other action by NWTS, the factual allegations are too vague to state such a claim for relief as well. For the foregoing reasons, NWTS motion to dismiss Plaintiff's negligence claim shall be granted.

**MEMORANDUM DECISION AND ORDER - 19**

**H.      Misrepresentation by Trustee**

Plaintiff's ninth cause of action is for "misrepresentation by trustee" which states

in part:

> 12.2.  Plaintiff claims that by not informing Plaintiff, of the sale, that only
> NORTHWEST TRUSTEES, FANNIE MAE AND AMERICAN HOME
> MORTGAGE had the authority to postpone the foreclosure sale, these Defendants
> failed to allow Plaintiff the chance to get the remaining alleged missing paperwork
> in to the Defendants.
>
> 12.3. Plaintiff claims that the information provided by these defendants was
> material because reliance on such facts would result in the wrongful foreclosure
> sale of the Plaintiff's house.
>
> 12.4. Plaintiff claims that Plaintiff relied on the information and they [sic]were
> justified in their[sic] reliance because of the fiduciary relationship between
> themselves and the alleged defendants.

(Cmplt., ¶¶ 12.2 - 12.4).

A claim for intentional misrepresentation, or fraud, requires: (1) a statement or a

representation of fact; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its

falsity; (5) the speaker's intent that there be reliance; (6) the hearer's ignorance of the

falsity of the statement; (7) reliance by the hearer; (8) justifiable reliance; and (9)

resultant injury. *Lettunich v. Key Bank Nat. Ass'n*, 109 P.3d 1104, 1110 (Idaho 2005)

(citing *Lindberg v. Roseth*, 46 P.3d 518, 522 (Idaho 2002) (citations omitted)).

The factual circumstances of each element of fraud must be plead with

particularity. Fed. R. Civ. P. 9(b).  Plaintiff's complaint fails to plead the elements in the

general sense, much less with particularity.

Further, to the extent the Court can glean a basis for the fraud allegation, it relates

**MEMORANDUM DECISION AND ORDER - 20**

to Plaintiff not having been told about the trustee's sale, which is clearly contradicted by the allegations of and attachments to the Complaint.  (*See* Cmplt., ¶ 3.19; Exh. A-1.) Plaintiff alleges that he submitted the HAMP loan application in February 2011, and received the notice of the trustee's sale (to take place in July 2011) in early March.  (*Id.*)

As such, Plaintiff's claim for misrepresentation against NWTS is dismissed.

## I.    Void Note and Deed of Trust

The nature of this claim is unclear.  The bulk of the allegations regarding the "unlawful splitting" of the note and deed of trust are addressed above in the Court's Trust Deeds Act discussion.  In addition, Plaintiff includes an allegation of a violation of RICO by all Defendants with the "illegal intention of committing a fraud upon Plaintiff" and depriving "Plaintiff of his due process rights as defined under Art. I, Section 13 of the Idaho Constitution and Amendment 14 of the United States Constitution." (Cmplt., ¶ 13.9.)

The Complaint also fails to state a viable RICO claim. "A civil RICO claim requires allegations of the conduct of an enterprise through a pattern of racketeering activity that proximately caused injury to the plaintiff." *Swartz v. KPMG LLP*, 476 F.3d 756, 761 (9th Cir. 2007) (*citing Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985)). Plaintiff fails to allege any pattern of racketeering activity that would support this claim.

For the foregoing reasons, Plaintiff's tenth unspecified cause of action[7] also fails to

_____

[7]Plaintiff's complaint contains a final paragraph number XIV.  It does not state a claim, and reiterates the previous allegations regarding the defendants not having standing

**MEMORANDUM DECISION AND ORDER - 21**

state a claim upon which relief may be granted against the trustee defendants.

## J.    Leave to Amend

A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment."  *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009)(issued 2 months after *Iqbal*).[8]  The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.,* 911 F.2d 242, 247 (9th Cir. 1990).  The issue is not whether plaintiff will prevail but whether he "is entitled to offer evidence to support the claims."  *Diaz v. Int'l Longshore and Warehouse Union, Local 13*, 474 F.3d 1202, 1205 (9th Cir. 2007)(citations omitted).

---

to foreclose on the property.  To the extent plaintiff intended this section to set forth another claim or cause of action, the Court finds that it does not, and the allegations set forth therein have been sufficiently addressed herein.

[8] The Court has some concern about the continued vitality of the liberal amendment policy adopted in *Harris v. Amgen*, based as it is on language in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), suggesting that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim. . .."  Given *Twombly* and *Iqbal*'s rejection of the liberal pleading standards adopted by *Conley,* a question arises whether the liberal amendment policy of *Harris v. Amgen* still exists.  Nevertheless, the Circuit has continued to apply the liberal amendment policy even after dismissing claims for violating *Iqbal* and *Twombly.  See Market Trading, Inc. v. AT&T Mobility, LLC*, 2010 WL 2836092 (9th Cir. July 20, 2010) (not for publication).  Accordingly, the Court will continue to employ the liberal amendment policy.

The Court concludes that the deficiencies of the complaint against the trustee defendants discussed above may not be cured by amendment, and therefore the claims against them shall be dismissed with prejudice.

## ORDER

Consistent with the foregoing Memorandum Decision,

IT IS HEREBY ORDERED:

1.   That Defendant Pioneer Title of Ada County's Motion to Dismiss (Dkt. 7) is GRANTED; Pioneer Title is DISMISSED as a defendant from this action;

2.   That Defendant Northwest Trustee Services, LLC's Motion to Dismiss and Joinder in Defendant Pioneer Title Company of Ada County's Motion to Dismiss (Dkt. 22) is GRANTED; Northwest Trustee Services, LLC is hereby DISMISSED as a defendant in this action.

3.   That Motion to Dismiss by Kemal Busuladzic (Dkt. 32) is GRANTED; Kemal Busuladzic is DISMISSED as a defendant from this action.

DATED:  **March 15, 2012**

B. LYNN WINMILL
Chief U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 23**