UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RICHARD SYKES,<br>      Plaintiff,<br> v.<br><br>PIONEER TITLE OF ADA COUNTY, AMERICAN BROKERS CONDUIT, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS), FEDERAL NATIONAL MORTGAGE ASSOCIATION; HOMEWARD RESIDENTIAL, INC., formerly known as AMERICAN HOME MORTGAGE; NORTHWEST TRUSTEE SERVICES, INC.,<br><br>      Defendants. | Case No. 4:11-cv-00377-BLW-LMB<br><br>**AMENDED ORDER** |

On January 7, 2013, United States Magistrate Judge Larry M. Boyle issued a Report and Recommendation, recommending that Defendant's Motion for Judgment on the Pleadings be GRANTED. (Dkt. 72).  Any party may challenge a magistrate judge's proposed recommendation by filing written objections within fourteen days after being served with a copy of the Magistrate Judges's Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C). The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The district court may accept, reject, or modify in whole or in part, the findings and recommendations made by the Magistrate Judge. *Id.*; *see also* Fed. R. Civ. P. 72(b).

**ORDER - 1**

Plaintiff filed an objection challenging the Report and Recommendation's conclusion that their Complaint be dismissed. (Dkt. 92). Plaintiff, in his objection, merely restates the same arguments made in their response to the motion for judgment on the pleadings. The Court has nonetheless carefully considered the Plaintiff' contentions and conducted a *de novo* review of the record and the Court agrees with Judge Boyle's conclusions. Plaintiff was in default on his mortgage obligations and never tendered payment of that obligation before the trustee sale occurred.

Plaintiff's breach of fiduciary duty claims fail because no fiduciary relationship exists between Plaintiff and any Defendant. A careful review and study of the Complaint reveals that Plaintiff makes no factual allegations that are sufficient to support a claim to believe or establish that any Defendant was acting in Plaintiff's interests and not on its own behalf, or that of the lender, as the loan servicer. *See Bliss Valley Foods, Inc.*, 824 P.2d 841, 852 (Idaho 1991). (debtor-creditor is generally not a fiduciary relationship)). Thus, the Complaint fails to allege any facts supporting more than an arms-length, commercial relationship between a borrower and the servicing entity for the loan in which no fiduciary obligations arise.

Plaintiff's Truth In Landing Act claim fails because it is time barred. The statute of limitations for a TILA claim is "one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e); *Shaw v. Lehman Bros. Bank, FSB*, 2009 WL 790166, at *4 (D. Idaho 2009). Time begins to run when the plaintiff enters into the loan agreement. *See King v. Cal.*, 784 F.2d 910, 915 (9th Cir. 1986);. In this case, Plaintiff obtained the

loan in 2006, and the Complaint was filed on July 20, 2011 – after the one-year limitation period had passed. *Compl.* ¶ 3.2. Plaintiff's TILA claims are thus time barred and should be dismissed.

Likewise, Plaintiff's RESPA claim should be dismissed. None of Plaintiff's factual allegations amount to a violation of RESPA. But even if Plaintiff had alleged a RESPA violation, Plaintiff has not alleged any actual harm resulting from any alleged RESPA violations.

Plaintiff also did not allege facts that would support his intentional or negligent infliction of emotional distress claims. The Court believes that losing a home is stressful, and the Court understands Plaintiff's frustration with the loan modification process. But Plaintiff defaulted on his loan, thereby allowing Defendants to foreclose, and Defendants had no legal obligation to modify Plaintiff's loan terms. In view of the fact that Plaintiff makes no claim that he did not owe the mortgage debt, or that it was not in default, the Court cannot find the refusal to stop the foreclosure process as being "outrageous." The Court therefore finds that these allegations are not adequate , as a matter of law, to constitute conduct or actions sufficient to establish a claim for intentional infliction of emotional distress. Plaintiff's negligent infliction of emotional distress claim fails because Plaintiff cannot allege the existence of a duty, and he did not allege a physical manifestation of his emotional injury.

Plaintiff's remaining theories also fail. Plaintiff's theories that securitization of the mortgage clouded title to the property, or that MERS is not a valid beneficiary

entitled to enforce the note, are not supported by the case law or the loan documents. Plaintiff also cannot offer any legal authority in support of their claim that Defendants could not foreclose without producing the original note. Finally, Plaintiff has alleged no facts to support his fraud claim. As such, Defendants' motion for judgment on the pleadings will be granted.

## ORDER

**IT IS ORDERED:**

1. Having conducted a *de novo* review of the Report and Recommendation, the Court finds that Magistrate Judge Boyle's Report and Recommendation is well founded in law and consistent with the Court's own view of the record. Therefore, acting on the recommendation of Magistrate Judge Boyle, and this Court being fully advised in the premises, **IT IS HEREBY ORDERED** that the Report and Recommendation entered on January 7, 2013, (Dkt. 91), shall be, and is hereby, **INCORPORATED** by reference and **ADOPTED** in its entirety.

2. Defendants' Motion for Judgment on the Pleadings is GRANTED (Dkt. 72) is **GRANTED**.

3. All other pending motions (Dkts. 51, 75, 78, 80, 81, 82, 83, and 84) are DENIED as MOOT; and

4. Plaintiff's Complaint (Dkt. 1) is DISMISSED with prejudice.



DATED: February 14, 2013

_____
B. Lynn Winmill
Chief Judge
United States District Court

**ORDER - 5**